UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-1440

MAGISTRATE: CIV-KING



ARNOLD GOODMAN,

    Plaintiff,

vs.

TOWN OF GOLDEN BEACH,
a Florida Municipality, and ROBERT
JAHN, individually,

    Defendants.
_____/

## COMPLAINT

    Plaintiff, Arnold Goodman, files this, his Complaint for damages and/or injunctive relief against Defendant, Town of Golden Beach ("the Town), and states the following.

    1. This action by a homeowner against a Florida municipality for damages caused him by the Town's arbitrary and capricious refusal to reissue Plaintiff's building permit to allow him to complete an addition to his home. This permit was revoked after the Plaintiff expended several hundred thousand dollars on the construction of the addition. The revocation of the permit deprived Plaintiff of a constitutionally protected property interest which had vested in him after its issuance and Plaintiff's substantial reliance upon its issuance.

    2. In this action, Plaintiff also seeks damages and injunctive relief for deprivation of his constitutional rights as guaranteed by the Fourth Amendment, alleging that Defendant, the Town has harassed him through wrongful, unwarranted and malicious police harassment and prosecution in a variety of incidents involving pretextual and unfounded enforcement of minor ordinances.

3. This action seeks damages in excess of this Court's jurisdiction requirements and jurisdiction is predicated upon the issues of Federal Law pled below.

4. Arnold Goodman is, and has been at all times material hereto, a resident of the Town of Golden Beach, Florida.

5. Defendant, Town of Golden Beach, is a municipality located in Dade County, Florida.

6. Defendant, Robert Jahn, is an employee of the Town of Golden Beach and has performed acts which have given rise to this cause of action in Dade County, Florida.

7. The occurrences which have given rise to this litigation occurred in Dade County, Florida.

8. Jahn performed all wrongful acts alleged in this Complaint under the color of State law and in the scope of his ordinary duties and authority.

9. The Town, through its Council and other key officials, performed all wrongful acts alleged in this Complaint under the color of State law and in its ordinary governmental functions.

10. Plaintiff has retained undersigned counsel and is obligated to pay him a reasonable fee for his services.

11. All conditions precedent to filing this action have been met.

## FACTUAL BACKGROUND - PERMIT MATTER

12. On or about February 10, 1989, the Town granted Plaintiff a building permit through its building inspector, James Rodgers, for the construction of: an addition to and modification of Plaintiff's residence; an accessory building; a swimming pool; and a carport.

13. The estimated cost of this construction was to exceed $400,000.00.

14. After approximately eighty per cent of the project was completed, approximately ten months after the permit was issued, Robert Jahn ("Jahn"), another Town building inspector who had ratified the issuance of the original permit, imposed significant requirements upon Plaintiff which were not imposed, or ever mentioned when the construction was originally permitted.

15. Without giving Plaintiff the opportunity to comply with the new demands, Jahn issued a stop work order and revoked the building permit, with the acquiescence, or at the direction of the Town Council ("the "Council").

16. This action was taken despite the fact that the Town completely failed to give any notice to Plaintiff of the new demands; and Plaintiff assured the Town that he would address the new requirements immediately and comply with them fully.

17. Thereafter, Jahn has continually demanded that Plaintiff comply with building code requirements while depriving Plaintiff of the means and opportunity necessary to repair the deficiencies cited.

18. Jahn has prevented to deficiencies from being repaired by refusing to reissue Plaintiff's permit, which would be needed in order to make the requested repairs.

19. Plaintiff has repeatedly attempted to satisfy Mr. Jahn's requirements. However, through deceptive practices or culpable negligence, Mr. Jahn has asserted that Plaintiff has not made these efforts or that the efforts have not been seen by his office. He has continued to recommend, and has taken numerous steps to ensure, that the permit be permanently revoked.

20. Throughout this course of events, the Town Council has, without question or additional investigation, supported, followed and enacted Jahn's recommendations.

21. As a result of the foregoing, Plaintiff has not been permitted to complete

construction on his project which is approximately eighty per cent complete.

22. Plaintiff has invested over $330,000.00 in construction costs and tremendous time and effort toward completing the project. In addition, he has expended hundreds of hours and thousands of dollars in opposing the Town's efforts to destroy his project.

23. The continued refusal to allow Plaintiff to complete his project, despite extensive documentation that he has made good-faith attempts to comply with all of the Town's requests, stems from a publicly announced disapproval of Mr. Goodman's project in this extremely prosperous Town.

24. The Town has thus far succeeded, though various State Court actions, in maintaining its position that Plaintiff's project must be demolished. However, these State Court efforts and victories have been tainted, motivated and facilitated by the same unconstitutional motives and acts which are alleged in this Federal Civil Rights Action.

25. For this reason, Plaintiff seeks a Federal forum, with the application of Federal Law, specifically, 42 U.S.C. §1983 and the United States Constitution. Only in this forum, and with the application of these laws, can a fact-finder look at these motives in this context, rather than strictly a technical, "code-enforcement" context.

26. Specifically, Plaintiff alleges that Jahn, at the direction of, or with the acquiescence of the Town, has unfairly applied and enforced the Town's building code against the Plaintiff. Jahn's representations, in State Court and before the Council and The Dade County Unsafe Structures Board, that Plaintiff's permit has been revoked because the project does not meet code requirements, have been pretextual, capricious and/or arbitrary.

27. In State Court proceedings, Jahn and other representatives of the Town, including

its attorney, have made material misrepresentations while under oath, either intentionally or through gross negligence. Using these wrongful practices, the Town has furthered and facilitated its deprivations of Plaintiff's substantive due process and equal protection rights as guaranteed him under the Fifth and Fourteenth Amendments.

28. Due to the allegations in paragraph 27 above, this case is not barred by the doctrine of res judicata nor is it subject to abatement under any theories of ripeness. Never has a court of any jurisdiction been presented with, or addressed the issues presented by this Federal civil rights action.

29. On the other hand, due to the pendency of certain state claims in state appellate court, Plaintiff asserts solely Federal causes of action for constitutional deprivations under 42 U.S.C. §1983 in this action.

## FACTUAL BACKGROUND - MALICIOUS PROSECUTION

30. Throughout the above course of events, the Town has directed several of its agencies and agents to engage in a series of citations and other official acts which have been perpetrated with no other purpose than to harass the Plaintiff.

31. These include numerous citations for Plaintiff's conduct which has clearly been within the law.

32. Specifically, on one occasion, a Town Police Officer stopped Plaintiff, a senior citizen, in his own driveway and frisked him. Police officers have also threatened to shoot his dog.

33. On numerous occasions, Town police officers have harassed Plaintiff's workers so that they have become hesitant to work on his project.

34. The Town has cited Plaintiff with frivolous fines such as failing to keep a hedge within an ordinance limit of six feet, when in fact, the foliage complained of were full sized pine trees; and the building inspector had been on the property several times previous to the citation without mentioning the alleged violation.

## COUNT I - DEPRIVATION OF CONSTITUTIONALLY PROTECTED INTEREST and SUBSTANTIVE DUE PROCESS;  42 U.S.C. §§1983, 1988; ALL DEFENDANTS

35. Plaintiff realleges and reavers paragraphs 1, 3 - 29 as if fully restated herein.

36. Plaintiff relied substantially to his detriment upon the issuance of his building permit by the Town in expending approximately $330,000.00 and hundreds of hours of his time toward its completion.

37. The revocation of the permit at this stage has caused and will continue to cause Plaintiff hardship; and has resulted in and will continue to result in grave injustice to Plaintiff.

38. As a result of the allegations in above two paragraphs, the Florida common law doctrine of Equitable Estoppel applies in this matter to prohibit the Town from imposing new, and certainly pretextual demands not originally imposed with the issuance of the permit, and from revoking the permit based upon such new or pretextual demands.

39. With the application of Florida's common law doctrine of Equitable Estoppel, Plaintiff obtains a vested, and constitutionally protectible property right in his building permit. This property right is protected by the Fifth and Fourteenth Amendments of the United States Constitution.

40. The Town revoked Plaintiff's building permit with improper motive, and by means

that were pretextual, arbitrary, and without any rational basis in violation of Plaintiff's right to substantive due process under the law, as guaranteed under the Fifth and Fourteenth Amendments. .

41. Specifically, after realizing that it, through gross negligence, granted a permit it later wished it never granted, the Town set out to destroy the building by fabricating numerous arbitrary code violations and by misrepresenting, or improperly coloring factual bases which were not entirely real in order to convince county boards and state court judge's that the codes really were being violated.

42. To date, delays caused by the above alleged unconstitutional acts have cost Plaintiff in excess of $50,000.00 in actual damages, a loss of the enjoyment and use of his property, lost time, aggravation and reduced enjoyment of life.. Plaintiff demands compensation for these damages herein.

43. Jahn's acts have been willful and wanton and shall be shown to justify the award of punitive damages, which are hereby demanded.

WHEREFORE, Plaintiff, Arnold Goodman, demands judgment in this matter in excess of $50,000.0, plus attorneys fees pursuant to 42 U.S.C. §1988, litigation costs, prejudgment and postjudgment interest and punitive damages as to Defendant, Robert Jahn. IN ADDITION, PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## COUNT II - DEPRIVATION OF CONSTITUTIONALLY PROTECTED INTEREST and EQUAL PROTECTION; 42 U.S.C. §§1983, 1988: ALL DEFENDANTS

44. Plaintiff realleges and reavers paragraphs 1, 3 - 29, and 39 - 41 as if fully restated herein.

45. Although the Town's acts of negligence in issuing this permit set this case apart from the ordinary case, other developers similarly situated have received different and far better treatment than Plaintiff has received in the course of events alleged above.

46. Different standards in the enforcement of its laws have been applied to Plaintiff in this matter in violation of Plaintiff's right to equal protection under the law, as guaranteed under the Fifth and Fourteenth Amendments.

47. As a result of the Town's refusal to reissue the building permit and continued harassment, Plaintiff has suffered damages alleged in paragraph 42.

WHEREFORE, Plaintiff, Arnold Goodman, demands judgment in this matter in excess of $50,000.0, plus attorneys fees pursuant to 42 U.S.C. §1988, litigation costs, prejudgment and postjudgment interest and punitive damages as to Defendant, Robert Jahn. IN ADDITION, PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## COUNT III - DEPRIVATION OF CONSTITUTIONALLY PROTECTED INTEREST; DEFENDANT, TOWN OF GOLDEN BEACH - INJUNCTIVE RELIEF; VIOLATION OF 42 U.S.C. §§1983, 1988:

48. Plaintiff realleges and reavers paragraphs 1, 3 - 29, 36 - 41, and 45 - 46 as if fully restated herein.

49. Currently, the Town seeks to demolish the subject project. Damages to be caused by the demolition have not as yet accrued.

50. Plaintiff is prevented through the wrongful acts of Defendants, from finishing his construction. This injury can only be addressed through the issuance of injunctive relief in the form of enjoining the Town from withholding Plaintiff's permit upon determination that Plaintiff's constitutional rights, as alleged above in Counts I and II, have in fact been violated.

WHEREFORE, Plaintiff, Arnold Goodman demands judgment in this matter in the form of injunctive relief requiring the Defendant immediately restore his building permit(s) in order to complete the project as originally permitted; and to enjoin the Town from unconstitutional harassment related to the completion of the construction. In addition, Plaintiff demands an award of attorney's fees plus court costs.

## COUNT IV - DEPRIVATION OF CIVIL RIGHTS
## MALICIOUS ABUSE OF PROCESS;  RETALIATORY PROSECUTION;
## UNLAWFUL SEARCH AND SEIZURE;
## VIOLATION OF 42 U.S.C. §§1983, 1988:
## DEFENDANT, TOWN OF GOLDEN BEACH

51. Plaintiff realleges and reavers paragraphs 2 - 11 and 30 - 34 as if fully restated herein.

52. The enforcement actions and seizures of Plaintiff's person as alleged above in paragraphs 30 - 34 were carried out under color of state law at the direction of the top level officials of the Town.

53. The acts alleged above in Paragraphs 30 - 34 constitute punishment by the Town resulting in violation of Plaintiff's rights as guaranteed by the Fourth Amendment.

54. Plaintiff has been left emotionally depressed by these acts of harassment and has been caused to apprehend physical harm. In addition, these incidents have caused tremendous inconvenience, loss of time, embarrassment, and damage to Plaintiff's reputation.

WHEREFORE, Plaintiff, Arnold Goodman, demands judgment in this matter in excess of $50,000.0, plus attorneys fees pursuant to 42 U.S.C. §1988, litigation costs, prejudgment and postjudgment interest and punitive damages as to Defendant, Robert Jahn. IN ADDITION, PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## COUNT V - DEPRIVATION OF CIVIL RIGHTS
## MALICIOUS ABUSE OF PROCESS; RETALIATORY PROSECUTION; UNLAWFUL SEARCH AND SEIZURE; VIOLATION OF 42 U.S.C. §§1983, 1988: DEFENDANT, TOWN OF GOLDEN BEACH INJUNCTIVE RELIEF

55. Plaintiff realleges and reavers paragraphs 2 - 11, 30 - 34, and 52 - 53 as if fully restated herein.

56. The Town continues to perpetrate acts of a similar nature to those acts alleged above in paragraphs 30 - 34.

57. Plaintiff is powerless to stop these acts of retaliation and discrimination.

58. Plaintiff is left without full legal remedy and therefore requests that this Honorable Court enjoin the Town from frivolous and harmful harassment through its City officials and agents.

WHEREFORE, Plaintiff, Arnold Goodman demands judgment in this matter in the form of injunctive relief enjoining the Defendant, Town of Golden Beach from frivolous and harmful harassment through its City officials and agents. In addition, Plaintiff demands an award of attorney's fees plus court costs.

Respectfully submitted this 28th day of May, 1996.

Jeffrey A. Norkin, P.A.
Attorney for Plaintiff
44 W. Flagler St. Suite 412
Miami, Fl. 33130
(305) 374-8919
Fl. Bar No. 0969966

Jeffrey A. Norkin, Esq.
for the Firm.

Rev. [illegible] CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
ARNOLD GOODMAN

## DEFENDANTS  96-1440
TOWN OF GOLDEN BEACH,
ROBERT JAHN

MAGISTRATE JUDGE
CIV-KING   DUBÉ

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

DADE

A-DADE  1:96CV1440/JLK/BCD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

DADE

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
374-8919
JEFFREY A. NORKIN, P.A.
Jeffrey Norkin, Esq.
44 West Flagler Street
Miami, FL 33130

**ATTORNEYS (IF KNOWN)**

FILED BY [illegible] 96 MAY 29 PM [illegible] CLERK U.S. DIST CT S.D. OF FLA MIAMI

**(d) COUNTY AND DIVISION WHEREIN ACTION AROSE**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. __5__ days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT (A) | TORTS (A) | | FORFEITURE/PENALTY (B) | BANKRUPTCY (A) | OTHER STATUTES (A) |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS (A) | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| A/B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | B ☐ 371 Truth in Lending | LABOR (A) | SOCIAL SECURITY (B) | ☐ 850 Securities/Commodities/ Exchange |
| A/B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | B ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY (A) | CIVIL RIGHTS (A) | PRISONER PETITIONS (B) | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS (A) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B ☐ 530 Habeas Corpus | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | B ☐ 540 Mandamus & Other | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | A/B ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | *Category A or B | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ _____
Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER 66326 [illegible]

DATE 5/28/96

SIGNATURE OF ATTORNEY OF RECORD
5/29/96 [signature]

UNITED STATES DISTRICT COURT